**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MEDARDO RODRIGUEZ; ANA B. GOMEZ, | No. 10-70987 |
| Petitioners, | Agency Nos.      A029-241-388 <br> A075-733-020 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 13, 2014[**]
San Francisco, California

Before: WALLACE and BYBEE, Circuit Judges, and MAHAN, District Judge.[***]

Petitioners Medardo Rodriguez and Ana B. Gomez are husband and wife.

Rodriguez, a native and citizen of El Salvador, petitions for review of the decision

of the Board of Immigration Appeals ("the Board") adopting and affirming an

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

immigration judge's ("IJ") denial of his claims for asylum, withholding of removal, withholding of removal and protection under the Convention Against Torture ("CAT"), and special rule cancellation of removal under Section 203 of the Nicaraguan and Central American Relief Act ("NACARA"). *See* 8 U.S.C. §§ 1158, 1231(b)(3); 8 C.F.R. §§ 1208.16(c)(2), 1240.61(a), 1240.66(b). Gomez is a native and citizen of Mexico, and the Board denied her applications for cancellation of removal under 8 U.S.C. § 1229b, derivative asylum under 8 U.S.C. § 1158(b)(3), and derivative special rule cancellation of removal under NACARA § 203 based on the denial of her husband's applications for relief. She appeals only the derivative claims. We have jurisdiction under 8 U.S.C. § 1252. We deny the joint petition.

To the extent the Board expressly adopts the IJ's findings and reasoning, we review the decision of the IJ as if it were that of the Board. *Al-Harbi v. INS*, 242 F.3d 882, 887 (9th Cir. 2001). Since Rodriguez's application was filed before May 11, 2005, it is not governed by the REAL ID Act. *Zamanov v. Holder*, 649 F.3d 969, 973 n.2 (9th Cir. 2011). We review factual determinations, including credibility determinations, for substantial evidence and must affirm the denial of relief unless the evidence compels the conclusion that the petitioner is eligible for relief. *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001).

The IJ denied the application for asylum, withholding, and CAT relief because he found that Rodriguez's testimony was not credible. The IJ must support his credibility determination with "specific, cogent reason[s]" that "go to the heart" of any asylum claim. *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004) (quotation marks and citations omitted). Here, the IJ provided several specific instances of inconsistencies in Rodriguez's testimony that go to the heart of his claims of past persecution and his fear of future persecution. Among other inconsistencies, the IJ noted that Rodriguez could not remember how often guerrillas attacked his parents' home and whether he was present at the time, when he was transferred among various military units, and how much time elapsed between when he suffered a combat injury and his entry into the United States. The IJ also found that Rodriguez provided vague accounts about what he did during his military service and what occurred when he and others forced the evacuation of civilians onto helicopters in the so-called "safe passage incident." The IJ found further that Dr. Amana Ayoub, who testified that Rodriguez was not faking his memory loss, did not bolster his credibility because Rodriguez's inconsistencies and vagueness remained regardless of their cause. Accordingly, the IJ's finding of adverse credibility was supported by substantial evidence.

Rodriguez's failure to establish eligibility for asylum forecloses eligibility under the more demanding standard of eligibility for withholding of removal. *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir. 1995). And, since Rodriguez's CAT claim is based on the same asylum evidence the agency found not credible, and because he points to no other evidence showing it is more likely than not he will be tortured if he returns to El Salvador, his CAT claim also fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

Under NACARA § 203, certain El Salvadorans, Guatemalans, and Eastern Europeans may also apply for suspension of deportation or special rule cancellation if they meet certain requirements. 8 C.F.R. § 1240.66. For the exception to apply, the applicant must not be subject to mandatory denial of relief, which bars, among others, those who "ordered, incited, assisted, or otherwise participated in the persecution of an individual because of the individual's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(B)(i). The applicant bears the burden of establishing that he is eligible for such relief, and "[i]f the evidence *indicates* that one or more of the grounds for mandatory denial of the application for relief *may* apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply." 8 C.F.R. § 1240.8(d) (emphasis added).

4

The government presented sufficient evidence (including Rodriguez's own statements) to "indicate" that Rodriguez engaged in the forced relocation of civilian supporters of guerrillas, which "may" have constituted assistance in civilian persecution. Rodriguez also admitted to having served in three El Salvadoran military units that, according to evidence submitted by the government, were engaged in human rights abuses during the period in which Rodriguez was a member. Rodriguez presented no evidence to dispute these indications, as he was required to do under 8 C.F.R. § 1240.8(d). Accordingly, the IJ's application of the persecutor bar was supported by substantial evidence.

**PETITION DENIED.**